IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00837-GPG

MICAH BLACKFEATHER,

  Plaintiff,

v.

JENNIFER ENGLEMAN,

  Defendant.

ORDER OF DISMISSAL

Plaintiff, Micah Blackfeather, is a detainee at the Colorado Mental Health Institute at Pueblo, Colorado.  Mr. Blackfeather has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and he has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Blackfeather's claims are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Blackfeather is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could

prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Blackfeather claims that Defendant, the public defender representing him in a pending Colorado state court criminal action, is not providing effective assistance of counsel and has caused him to be transferred to the Colorado Mental Health Institute at Pueblo for a competency evaluation. Mr. Blackfeather seeks damages and other relief pertinent to his pending criminal case. To the extent Mr. Blackfeather is asking the Court to intervene in the pending criminal case, the Court may not do so. *See Younger v. Harris*, 401 U.S. 37 (1971).

Mr. Blackfeather also may not pursue his claims for damages against his public defender. Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Mr. Blackfeather's claims against Defendant are premised on Defendant's actions as defense counsel in a pending criminal case. Furthermore, Mr. Blackfeather does not allege facts that demonstrate Defendant conspired with state actors to deprive him of his constitutional rights. *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Therefore, Mr. Blackfeather's claims against his public defender are legally frivolous and must be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   7th   day of      May         , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court